UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAUL MATTHEWS, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 15-12681-FDS |
| KELLY RYAN, | ) | |
| Respondent. | ) | |

MEMORANDUM AND ORDER
ON PETITION FOR HABEAS CORPUS

**SAYLOR, J.**

This is an action by a state prisoner, currently serving his sentence at Massachusetts Correctional Institution-Shirley ("MCI-Shirley"), seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Paul Matthews was convicted in Bristol County Superior Court on charges of armed home invasion, in violation of Mass. Gen. Laws. ch. 265, § 18C; kidnapping, in violation of Mass. Gen. Laws. ch. 265, § 26; unlawful possession of a firearm, in violation of Mass. Gen. Laws. ch. 269, § 10(a); breaking and entering in the daytime, placing a person in fear, in violation of Mass. Gen. Laws. ch. 266, § 17; larceny of a motor vehicle, in violation of Mass. Gen. Laws. ch. 266, § 28(a); and unlawful possession of a loaded firearm, in violation of Mass. Gen. Laws. ch. 269, § 10(n). He was sentenced to 30 to 45 years in state prison. The Massachusetts Appeals Court affirmed his conviction and the Supreme Judicial Court denied his application for leave to obtain further appellate review.

Matthews has filed a petition for habeas relief, contending that his conviction was obtained (1) in violation of his Fifth and Fourteenth Amendment rights to due process, because

of improper evidence and testimony presented at his grand jury hearing; and (2) in violation of his due-process rights, because the evidence used to convict him on the firearms charge was insufficient to prove that the firearm was operable pursuant to state law.  Respondent Kelly Ryan, Superintendent of MCI-Shirley, has filed a motion to dismiss the petition under Fed. R. Civ. P. 12(b)(6), contending that the first claim presents an issue without a clearly established Supreme Court precedent, and that his second claim is based on state law only.  For the following reasons, the motion to dismiss will be granted and the petition will be denied.

I.     **Background**

   A.     **Factual Background**

On September 18, 2009, a man later identified as John Keogh entered a woman's home and, at gunpoint, demanded her car keys.  (Dkt. 2 at 9-10).  He then tied her up in her bathroom and left the house, driving away in her car.  (Dkt. 2 at 10).  The victim freed herself and called 911; police were able to track the car and apprehend Keogh.  (*Id.*).  Keogh told the police that he had not acted alone, but that Paul Matthews had been in the victim's home with him.  (*Id.*).  Keogh also turned over a gun in his possession.  (*Id.*).  Police later tested the gun and found it to be inoperable.  (*Id.* at 12).  However, Officer Michael Arnold, of the Massachusetts State Police, also determined that a minor repair—replacing the firing pin—would render the gun operable.  (*Id.*).  Based on Keogh's statements, officers went to Matthews's home and arrested him.  (*Id.*).  Matthews's wife consented to a search of their home.  (*Id.* at 11).  Within the house, police found evidence that linked Matthews to the crime, including evidence that matched items found in the victim's stolen car.  (*Id.*).  DNA testing also linked Matthews to items found in the car.  (*Id.* at 12).

On November 6, 2009, a grand jury returned an indictment against Matthews.  He went to

trial, and a jury entered a guilty verdict on December 21, 2011.  On December 23, 2011, he filed an appeal with the Massachusetts Appeals Court.  He appealed the issue of the evidence presented at the grand jury hearing as well as the issue of whether there was sufficient evidence that the firearm was operable; those two claims are reasserted here.  *See Commonwealth v. Matthews*, 84 Mass. App. Ct. 1136 (2014).  The Massachusetts Appeals Court upheld the conviction in an opinion dated February 18, 2014.  *See id.*  On April 2, 2014, the Massachusetts Supreme Judicial Court denied Matthews's application for leave to obtain further appellate review.  *See Commonwealth v. Matthews*, 468 Mass. 1101 (2014).

## II. Analysis

### A. Standard of Review

Matthews's claims for relief can be reduced to two basic contentions:  (1) a violation of due process under both the Fifth and Fourteenth Amendments and (2) a due process violation for insufficiency of evidence.  As a prisoner in state custody, he seeks relief under 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim— (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Supreme Court has elaborated upon this standard:

> [A] state-court decision can be 'contrary to' [the Supreme Court's] clearly established precedent in two ways.  First . . . if the state court arrives at a conclusion opposite to that reached by this Court on a question of law.  Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

In order to succeed on his habeas petition, a petitioner must demonstrate that he has "exhausted his state remedies by having first presented the federal constitutional issue to the state courts for their decision." *Goodrich v. Hall*, 448 F.3d 45, 47 (1st Cir. 2006). Exhaustion analysis provides a "generous" standard that does not require express appeal of federal issues. *See id.* For this reason, the Court will accept that petitioner's arguments on appeal regarding the grand jury proceedings and sufficiency of the evidence are both federal due process claims.

Respondent has moved to dismiss the petition. The Supreme Court has noted that "Rule [12] of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Federal Rules of Civil Procedure apply 'to the extent that they are not inconsistent with [habeas] rules.'" *Banks v. Dretke*, 540 U.S. 668, 687 (2004); Rules Governing Section 2254 Cases in the United States District Courts (Rule 11, cited in *Banks v. Dretke*, was renumbered as Rule 12 in 2009); *see also Delgado v. Dennehy*, 503 F. Supp. 2d 411, 413 (D. Mass. 1989) (citing *Banks*). When reviewing a motion to dismiss, a court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B.     Due Process Claim

Matthews first contends that his Fifth and Fourteenth Amendment due-process rights were violated by the evidence and testimony presented to the grand jury that indicted him. (Dkt. 2 at 19). In his appeal to the Massachusetts Appeals Court, Matthews contended that his

criminal history was improperly introduced to the grand jury. *See Matthews*, 84 Mass. App. Ct. at 1136. The Appeals Court held that this evidence was properly introduced to support the Commonwealth's habitual offender charges. *Id.* Matthews also challenged a police officer's inaccurate testimony at the grand jury hearing, which indicated that he was visible in footage from a security camera when, in fact, he was not. *Id.* The Appeals Court held that the error did not warrant dismissal of the indictment because that officer's testimony was corrected by the testimony of another officer at the hearing. *Id.*

> There is no federal constitutional right to a state grand jury hearing; accordingly,
>
> [the] claim is cognizable here only insofar as it alleges a violation of a due process requirement that has been deemed controlling in state criminal prosecutions under clearly established Supreme Court precedent. Such precedent requires states to provide notice of the specific charges against a defendant and a chance to defend against those charges.

*Mecca v. Corbett*, 2014 WL 359576, at *6 (D. Mass. 2014) (citing *Cole v. Arkansas*, 333 U.S. 196, 201 (1948)). Here, Matthews had fair notice of the charges against him and a fair chance to defend himself against those charges. *See Matthews*, 84 Mass. App. Ct. at 1136. The Supreme Court has not defined any additional due-process rights in state grand jury proceedings. *See Goodrich*, 448 F.3d at 47; *Mecca*, 2014 WL 359576, at *6. Therefore, the appellate court's review of the events that took place at Matthews's grand jury hearing did not "result[ ] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." *See* 28 U.S.C. § 2254(d)(1).

Once a petit jury has returned a guilty verdict, especially when that petit jury is "unaware of the allegedly improper testimony" provided at a grand jury, the petit jury's "verdict is unassailable" on the ground that the evidence before the grand jury was inadequate or improper. *Goodrich*, 448 F.3d at 50; *see Cowell v. Gillen*, 2005 WL 1660142, at *13 (D. Mass. 2005) ("[W]here, as here, petitioner has been convicted in a state court criminal trial, there is no

cognizable federal right to effectuate on habeas review arising out of the grand jury proceedings."). Therefore, even if the grand jury proceedings resulted "in a decision that was based on an unreasonable determination of the facts," the subsequent trial and guilty verdict renders such a potentially unreasonable determination harmless. *See United States v. Mechanik*, 475 U.S. 66, 70 (1986). The Supreme Court has held that

> the petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt.

*Mechanik*, 475 U.S. at 70. Consistent with this precedent, Matthews's claims regarding evidence and testimony presented at his grand jury hearing are insufficient to support habeas relief under § 2254.

### C. Sufficiency of the Evidence Claim

Matthews next contends that the Commonwealth did not provide sufficient evidence to the jury to establish that the firearm he was charged with possessing was operational under Mass. Gen. Laws ch. 269, § 10(a). The Supreme Court has established that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). In addition, "[f]ederal courts sitting in habeas must accept state court rulings on state law issues." *Rodriguez v. Spencer*, 412 F.3d 29, 37 (1st Cir. 2005).

Although Matthews seems to assert a sufficiency of the evidence claim that is, in reality, asking the Court to reinterpret state law, the Court will nonetheless analyze the claim under *Jackson v. Virginia*, 443 U.S. 307 (1979). In *Jackson*, the Supreme Court held that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution,

6

*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See id.* at 319.  In addition, "a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim." *Id.* Accordingly, in order to prevail on this claim, Matthews must demonstrate that the evidence, when viewed in the light most favorable to the Commonwealth, was insufficient to persuade a rational jury beyond a reasonable doubt that the firearm he was charged with possessing was operable within the meaning of Mass. Gen. Laws ch. 269, § 10(a).

An expert witness, Officer Michael Arnold, testified at trial that a minor repair to the firearm—replacing the firing pin—would render it operable. *See id.*; (Dkt. 2 at 32).  The Massachusetts Supreme Judicial Court has held that a firearm that only requires such a repair is "operable" under the relevant statute. *Commonwealth v. Bartholemew*, 326 Mass. 218, 220 (1950) ("the absence of the easily replaceable firing pin did not destroy the character of the implement in question").  The Supreme Judicial Court has also held that expert testimony relating to the nature of a repair to render a firearm operable can provide sufficient evidence for a jury to convict a defendant under Mass Gen. Laws ch. 269, § 10(a). *Commonwealth v. Jefferson*, 461 Mass. 821, 828 (2012).  In light of Officer Arnold's testimony at Matthews's trial, the *Jackson* test for sufficiency of the evidence is met; a reasonable jury could find Matthews guilty beyond a reasonable doubt based on the evidence presented at trial.  Therefore, Matthews is not entitled to habeas relief on his insufficiency of evidence claim.

### III. Conclusion

For the foregoing reasons, respondent Kelly Ryan's motion to dismiss is GRANTED and petitioner Paul Matthews's claim for habeas corpus relief under 28 U.S.C. § 2254(d) is DENIED.

**So Ordered.**

                                      /s/ F. Dennis Saylor  
                                      F. Dennis Saylor IV  
Dated: April 11, 2016         United States District Judge